UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 15-11486-GAO

VINIETA LAWRENCE,
Plaintiff,

v.

BANK OF AMERICA, N.A.,
Defendant.

OPINION AND ORDER
March 4, 2016

O'TOOLE, D.J.

The plaintiff, Vinieta Lawrence, has brought suit against the defendant, Bank of America, N.A., claiming violations of Massachusetts General Laws Chapter 93A ("Chapter 93A") for the Bank's alleged failure to comply with (1) terms of a 2012 Department of Justice Global Settlement Agreement ("DOJ Global Settlement"); (2) terms of a 2014 Department of Justice Residential Mortgage-Backed Securities Settlement Agreement ("RMBS Settlement"); and (3) terms of the Home Affordable Modification Program ("HAMP") Supplemental Directives 09-01 and 10-05. Lawrence also claims breach of the implied contractual covenant of good faith and fair dealing.[1]

The defendant has moved to dismiss the complaint. Although the plaintiff filed a written opposition, neither she nor her attorney appeared at the hearing held on the matter.

---

[1] Lawrence initially filed a complaint (dkt. no. 2) against Bank of America on April 2, 2015. That complaint included exhibits lettered A through E. After Bank of America moved to dismiss the complaint, Lawrence filed an amended complaint (dkt. no. 19) and later a corrected amended complaint (dkt. no. 20). The corrected amended complaint did not reattach Exhibits A through E but included attachments lettered F though H. It appears that the plaintiff seeks to incorporate the original exhibits into the operative complaint.

For purposes of deciding the motion, the Court accepts as true all well-pleaded facts in the plaintiff's complaint. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

The plaintiff owns property in Milton, Massachusetts. She obtained an adjustable rate mortgage loan and a second-lien home equity line of credit with Countrywide Home Loans. Bank of America later acquired the plaintiff's first and second mortgages from Countrywide.

The United States Treasury Department's HAMP Supplemental Directive 09-01 requires HAMP servicers to extend Trial Period Plan modifications to financially eligible borrowers. Additionally, HAMP Supplemental Directive 10-05 requires HAMP servicers to reduce the balance on a first-lien mortgage to at least 115 percent of the fair market value, using an "Alternative Waterfall" calculation for borrowers not eligible for HAMP but given non-HAMP modifications. Bank of America was required to act in accordance with HAMP Supplemental Directives 09-01 and 10-05.

On June 1, 2011, Bank of America extended a modified loan to Lawrence. In January 2012, the plaintiff lost her job. In March 2012, she suffered a shoulder injury which caused her to become partially disabled. Under the terms of HAMP and Bank of America's policies, a disabled borrower is categorized as an "imminent default," and thereby subject to Department of Justice review.

On April 4, 2012, Bank of America entered into the DOJ Global Settlement, which was recorded as a consent judgment in the United States District Court for the District of Columbia. On August 21, 2014, Bank of America entered into the RMBS Settlement.

In January 2015, Lawrence sent a Chapter 93A demand letter to Bank of America alleging various unfair or deceptive acts or practices, including violations by the bank of the two settlements and the HAMP directives. Lawrence subsequently brought this suit.

Lawrence mainly asserts claims under Chapter 93A. In Counts I and II, Lawrence alleges that Bank of America's purported failures to comply respectively with the terms of the DOJ Global Settlement and the RMBS Settlement constitute unfair and deceptive practices in violation of Chapter 93A. Specifically, Lawrence argues that Bank of America failed to comply with the terms of the two settlement agreements by failing to notify her of her eligibility for mortgage modifications and by failing to offer Lawrence principal balance forgiveness. In Count III, Lawrence contends that Bank of America's alleged failures to offer a HAMP modification and a principal balance reduction as instructed by Supplemental Directives 09-01 and 10-05 constitute unfair and deceptive practices in violation of Chapter 93A. Additionally, in Count IV, Lawrence alleges that Bank of America breached its implied covenant of good faith and fair dealing.

## I.   Settlement Agreements

Lawrence is not a party to the settlement agreements and may not sue to enforce them. See MacKenzie v. Flagstar Bank, FSB, 738 F.3d 486, 491 (1st Cir. 2013) ("'[G]overnment contracts often benefit the public, but individual members of the public are treated as incidental beneficiaries [who may not enforce a contract] unless a different intention is manifested.'" (second alteration in original) (quoting Restatement (Second) of Contracts § 313 cmt. A (Am. Law Inst. 1981))). "[B]orrowers are not third-party beneficiaries of agreements between mortgage lenders and the government." Id. at 491. A persons who is not a party to a consent decree may not, directly or in collateral proceedings, sue to enforce the decree. Blue Chip Stamps v. Manor Drug Stores, 421 U.S. 723, 750 (1975). Moreover, the settlement agreements at issue here both specifically limit to the parties any right to enforce the agreements. Lawrence was not a party to either the DOJ Global Settlement or the RMBS Settlement, and consequently she cannot sue to enforce either of them.

Lawrence appears to argue that she is not seeking to enforce rights arising directly under the settlement agreements but rather that the Bank's failure to give her assistance under the agreements amounted to an unfair business practice under Chapter 93A. It is true as a general matter that violation of a statute that a party might not have a right to directly enforce may still give rise to a Chapter 93A if the conduct involved is independently unfair or deceptive. This principle has been recognized in some cases involving claims based on purported HAMP violations. See Ording v. BAC Home Loan Servicing, LP, Civil Action No. 10–10670–MBB, 2011 WL 99016, at *7 (D. Mass. Jan. 10, 2011) (citing Whitehall Co. Ltd. v. Merrimack Valley Distrib. Co., Inc., 780 N.E.2d 479, 483 (Mass. App. Ct. 2002)). Even assuming for the sake of argument that the principle pertaining to statutory violations applies equally to violations of consent decrees to which the plaintiff is not a party (a proposition for which the plaintiff does not offer support), for the reasons set forth in the defendant's papers and amplified at oral argument, the plaintiff has not alleged the violation or neglect of any obligation under the settlements that was specifically owed to her, a fact that would be necessary to support a claim under Chapter 93A.

**II.    HAMP**

Although courts have found certain violations of HAMP a basis for Chapter 93A claims, the facts Lawrence alleges, in the context of Bank of America's purported HAMP violation, fail to rise to the level of independently unfair or deceptive conduct.

Lawrence claims that her HAMP modification with the Bank of America did not include principal balance forgiveness and did include a balloon payment. She claims that the Bank in each instance violated HAMP Supplemental Directives, which violations amounted to conduct actionable under Chapter 93A. As to the former, Lawrence's claims do not properly allege that Bank of America violated the HAMP Supplemental Directives because neither HAMP

4

Supplemental Directives 09-01 nor 10-05 requires principal balance forgiveness and both expressly allow for balloon payments. (See Mem. of Law in Supp. of Mot. to Dismiss Am. Compl., Ex. 5 at 9–10 (dkt. no. 23-5); Id., Ex. 9 at 4 (dkt. no. 23-9).) Because Bank of America was under no obligation to *forgive* principal balance, as opposed to *forbear* in collecting it, and acted within the rules of the Supplemental Directives when its terms included a later balloon payment, the plaintiff has failed to allege conduct in violation of Chapter 93A.

### III. Implied Covenant of Good Faith and Fair Dealing

Lawrence also contends that Bank of America breached its implied covenant of good faith and fair dealing. In Massachusetts, "'[e]very contract implies good faith and fair dealing between the parties to it.'" Young v. Wells Fargo Bank, N.A., 717 F.3d 224, 237 (1st Cir. 2013) (alteration in original) (quoting T.W. Nickerson, Inc. v. Fleet Nat'l Bank, 924 N.E.2d 696, 703–04 (Mass. 2010)). The implied covenant of good faith and fair dealing applies to the conduct of parties after formation of a contract. "[W]ithout a contract, there is no covenant to be breached." Mass. Eye and Ear Infirmary v. QLT Phototherapeutics, Inc., 412 F.3d 215, 230 (1st Cir. 2005). An individual or entity not party to or an intended beneficiary of a contract is owed no duty under the implied covenant of good faith and fair dealing. See Markle v. HSBC Mortg. Corp. (USA), 844 F. Supp. 2d 172, 184 (D. Mass. 2011). "[T]he implied covenant cannot 'create rights and duties not otherwise provided for in the existing contractual relationship.'" Young, 717 F.3d at 238 (quoting Ayash v. Dana–Farber Cancer Inst., 822 N.E.2d 667, 684 (Mass. 2005)).

Because Lawrence is not a party or an intended third-party beneficiary of the DOJ Global Settlement or the RMBS Settlement, the covenant of good faith and fair dealing does not arise. See Markle, 844 F. Supp. 2d at 184.

**IV.**     **Conclusion**

For the foregoing reasons, Bank of America's Motion to Dismiss (dkt. no. 22) is GRANTED. The action is DISMISSED.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge